UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on January 8, 2020

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| BRITTANY NICOLE ADAMS, and | : | VIOLATIONS: |
| STEVEN ANTHONY BENSON, JR., | : | 18 U.S.C. § 371 |
| | : | (Conspiracy to Distribute Explosive |
| Defendants. | : | Devices) |
| | : | 18 U.S.C. § 842(a)(3)(B) and 844(a)(1) |
| | : | (Unlawful Distribution of Explosive |
| | : | Devices) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 981(a)(1)(C); |
| | : | 28 U.S.C. § 2461(c); and |
| | : | 18 U.S.C. § 982(a)(2)(B) |
| | : | |
| | : | **UNDER SEAL** |

### INDICTMENT

The Grand Jury charges that:

Introduction

At all times material to this Indictment:

1. Defendant **BRITTANY NICOLE ADAMS** is a resident of the State of Maryland.

2. Defendant **STEVEN ANTHONY BENSON, JR.**, is a resident of Washington, D.C.

3. During the course of this conspiracy, the defendants, **BRITTANY NICOLE ADAMS** and **STEVEN ANTHONY BENSON, JR.**, knew that they were not a licensee or a permittee under the provisions of Chapter 40 of Title 18 of the United States Code, and knew or

had reason to know that the recipient of any explosive devices was not a licensee or permittee under the provisions of Chapter 40 of Title 18, United States Code.

## Definitions

4.  "Licensee" means any importer, manufacturer, or dealer licensed under 18 U.S.C. Section 841(m).

5.  "Permittee" means any user of explosives for a lawful purpose, who has obtained either a user permit or a limited permit under 18 U.S.C. Section 841(j).

6.  "Explosive materials" means explosives, blasting agents, and detonators. 18 U.S.C. Section 841(c).

7.  "Explosives" means any chemical compound, mixture, or device, the primary or common purpose of which is to function by explosion. The term includes, but is not limited to, dynamite and other high explosives, black powder, pellet powder, initiating explosives, detonators, safety fuses, squibs, detonating cord, igniter cord, and igniters. 18 U.S.C. Section 841(d).

**COUNT ONE**
**(Conspiracy to Distribute Explosive Devices)**

8.  The allegations set forth in paragraphs 1 through 7 of this indictment are re-alleged and incorporated by reference as if set out in full.

9.  From at least on or about June 30, 2020, through at least on or about July 17, 2020, within the District of Columbia, defendants **BRITTANY NICOLE ADAMS ("ADAMS")** and **STEVEN ANTHONY BENSON, JR. ("BENSON")**, did knowingly and willfully combine, conspire, confederate and agree together and with other persons unknown to the Grand Jury, to

unlawfully and knowingly, distribute explosive devices to any person other than a licensee or permittee, in violation of Title 18, United States Code, Sections 842(a)(3)(B) and 844(a)(1).

### Purpose of the Conspiracy

10. It was the purpose of the conspiracy that the defendants would obtain explosive devices from a person unknown to the grand jury and distribute the explosives devices to another person in exchange for U.S. currency.

### Manner and Means of the Conspiracy

11. The defendants, both known to the grand jury, used the following manner and means to accomplish the object of the conspiracy:

   a. It was part of the conspiracy that the defendants would and did play different roles in the conspiracy, and took upon themselves different tasks and participated in the conduct of the conspiracy through various criminal acts.

   b. It was part of the conspiracy that the defendants would obtain explosive devices from another unknown person in order to distribute the explosives devices to other persons in exchange for U.S. currency.

   c. It was further a part of the conspiracy that defendant ADAMS advertised the sale of such explosive devices via an online advertisement that she posted on the OfferUp application under the user name Bribri. In exchange for cash, she, as the seller, offered "dynamite." When ADAMS was contacted by a potential buyer via her online advertisement, ADAMS would arrange for a time and place to meet to conduct the sale of the explosive devices.

d. It was further a part of the conspiracy that defendant BENSON would drive defendant ADAMS to the sale locations in an effort the help facilitate the sale of the explosive devices.

## Overt Acts

12. In furtherance of the conspiracy and to effect the illegal objects thereof, defendants ADAMS and BENSON committed and caused to be committed the following overt acts, among others, in the District of Columbia and elsewhere:

a. On or about June 30, 2020, ADAMS communicated with an undercover law enforcement officer ("UC") who had responded to an advertisement on OfferUp placed by as user named "Bribri" for the sale of "dynamite." ADAMS and the UC, through an exchange of SMS messages, agreed to meet at the parking lot of the metro station located at 4500 Benning Road, Northeast, Washington, D.C. ADAMS arrived in a vehicle driven and registered to defendant BENSON. ADAMS sat in the front passenger seat and BENSON drove the vehicle. ADAMS told the UC that her brother manufactures explosive devices after work and that the UC could purchase more explosive devices in the following days. The UC gave ADAMS $460.00 of pre-recorded official ATF funds in exchange for approximately eleven (11) explosive devices.

b. On or about July 1, 2020, ADAMS and the UC communicated by SMS message and agreed to meet again at the metro parking lot for the purpose of exchanging explosive devices for United States currency. When ADAMS arrived at the parking lot she was again driven by BENSON. ADAMS provided the UC a clear plastic bag containing approximately five (5) explosive devices in exchange for $320.00 of pre-recorded official ATF funds. The UC then asked ADAMS about the availability of larger explosive devices. ADAMS in turn asked BENSON

4

whether or not he had the "big red one left." BENSON indicated that he did. ADAMS then stated that she did not have the device with her but it was nearby and she would get it. BENSON drove ADAMS from the parking lot, both returning a few minutes later to meet again with the UC. ADAMS handed the UC one additional explosive device. In exchange, the UC gave ADAMS $400 of pre-recorded official ATF funds in exchange for the explosive device.

  c.  On or about July 17, 2020, ADAMS and the UC, communicating through SMS messages, agreed to meet in the parking lot area of the Home Depot located at 901 Rhode Island Avenue, N.E., Washington, D.C. to exchange additional explosive devices for United States currency. As with the two prior occasions, BENSON drove the vehicle, whereas ADAMS sat in the front passenger seat. ADAMS then exited the vehicle, opened the trunk, and placed approximately four (4) explosive devices into a black plastic bag which she handed to the UC. The UC then asked about an additional larger explosive device, to which ADAMS responded that she would have to ask her brother and let the UC know if he had any more available. The UC provided ADAMS with $150 of pre-recorded official ATF funds in exchange for the explosive devices.

  **(Conspiracy to Distribute Explosive Devices,** in violation of Title 18, United States Code, Section 371)

## COUNT TWO

13. The allegations set forth in paragraphs 1 through 7 of this indictment are re-alleged and incorporated by reference as if set out in full.

14. On or about June 30, 2020, in the District of Columbia, the defendants, **BRITTANY NICOLE ADAMS** and **STEVEN ANTHONY BENSON, JR.**, not being a licensee or a permittee under the provisions of Chapter 40 of Title 18 of the United States Code, knowingly distributed explosive devices as defined by Title 18, United States Code, Sections 841(c) and (d),

5

to an undercover law enforcement officer, who was not a licensee or permittee under the provisions of Chapter 40 of Title 18, United States Code.

**(Unlawful Distribution of Explosive Devices**, in violation of Title 18, United States Code, Sections 842(a)(3)(B) and 844(a)(1))

## COUNT THREE

15. The allegations set forth in paragraphs 1 through 7 of this indictment are re-alleged and incorporated by reference as if set out in full.

16. On or about July 1, 2020, in the District of Columbia, the defendants, **BRITTANY NICOLE ADAMS** and **STEVEN ANTHONY BENSON, JR.**, not being a licensee or a permittee under the provisions of Chapter 40 of Title 18 of the United States Code, knowingly distributed explosive devices as defined by Title 18, United States Code, Sections 841(c) and (d), to an undercover law enforcement officer, who was not a licensee or permittee under the provisions of Chapter 40 of Title 18, United States Code.

**(Unlawful Distribution of Explosive Devices**, in violation of Title 18, United States Code, Sections 842(a)(3)(B) and 844(a)(1))

## COUNT FOUR

17. The allegations set forth in paragraphs 1 through 7 of this indictment are re-alleged and incorporated by reference as if set out in full.

18. On or about July 17, 2020, in the District of Columbia, the defendants, **BRITTANY NICOLE ADAMS** and **STEVEN ANTHONY BENSON, JR.**, not being a licensee or a permittee under the provisions of Chapter 40 of Title 18 of the United States Code, knowingly distributed explosive devices as defined by Title 18, United States Code, Sections 841(c) and (d), to an

undercover law enforcement officer, who was not a licensee or permittee under the provisions of Chapter 40 of Title 18, United States Code.

**(Unlawful Distribution of Explosive Devices**, in violation of Title 18, United States Code, Sections 842(a)(3)(B) and 844(a)(1)

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One through Four of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code Section 981(a)(1)(C); Title 28, United States Code Section 2461(c); and Title 18, United States Code Section 982(a)(2)(B), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above.

>(**Criminal Forfeiture**, Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code Section 2461(c); and Title 18, United States Code, 982(a)(2)(B))

A TRUE BILL:

FOREPERSON.

Michael R. Sherwin / GPR
Attorney of the United States in
and for the District of Columbia.